UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

2020 JAN 28 P 2: 18

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No. TBD (from 16-CR-21-JL) |
| ) | |
| SUZANNE BROWN, ) | |
| ) | |
| Petitioner ) | |

## *EXPEDITED* SUMMARY MOTION (WITH PREJUDICE) TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY (MOTION UNDER 28 U.S.C. § 2255); MEMORANDUM OF LAW IN SUPPORT THEREOF

I, Defendant-Petitioner, Suzanne Brown, respectfully request that this honorable Court grant the *EXPEDITED SUMMARY RELIEF (With Prejudice)* in accordance with Federal Rules of Civil Procedure Rule 56 as a Matter of Law.

Grounds for expedited and summary disposition included herein.

**Contents of This Motion:**

1. Form AO 243 Habeas Corpus Petition Form

2. Memorandum of Law In Support of Habeas Corpus Petition

3. Declaration of Suzanne Brown in Support of Motion for Summary Judgment

3(a). Memorandum in Support of Motion for Summary Judgment

4. Exhibit A: Ineffective Assistance of Counsel List of Claims

1

5. Exhibit B: Post-Trial Attorney Conflict of Interest List of Claims

6. Exhibit C: Government Errors/Misconduct List of Claims

7. Exhibit D: Punishment Claim Narrative

8. Proposed Order on §2255 Habeas Corpus Motion (Expedited Summary Judgment with Prejudice)

**Affiliated Concurrently-Filed Motions:**

1. Pro Se Motion to File Electronically

2. Application to Proceed in District Court Without Paying Fees or Costs

3. Opposition to Motion to Revoke Bail Pending Appeal (Defendant's Motion to Remain on Supervised Release Pending Disposition of Habeas Corpus Petition)

4. Motion to Expand and/or Reprise the Record With Regulations in Support of Habeas Corpus Petition

I respectfully request the solicitude and patience of the Court for any inadvertent form or process errors contained in this and any attendant filings without counsel [Haines v Kerner 404 U.S. 519 (1972)].

I am also under the time constraint of filing this Habeas Corpus motion by January 28, 2020, to lend strength and standing to my objection to government's motion to revoke bail pending appeal, filed January 14, 2020.

Also due to the urgency of this motion, I have not yet cited from the record or other sources every claim in AO 243 Exhibits A through D. Nonetheless, I believe the Court has adequate information to review and issue a summary ruling on my cumulative claims. I ask only for the

opportunity to correct or amend any incomplete or inadequate filings and/or to amend the entire Habeas Corpus-related body of filings if counsel is appointed on my behalf and advises changes.

[That the case file, including evidence binders, was not constructed, maintained, or transitioned properly between attorneys throughout the proceedings is a count of ineffective assistance of counsel. I received my case file January 21, 2020, and it is missing certain: exhibits, grand jury transcripts, and post-trial hearing transcripts. Appellate counsel's motion to the First Circuit for the appeal's oral argument transcript was denied December 20, 2019. This has inhibited my ability to thoroughly cite evidence.]

For the legally and factually supported reasons contained herein, in form AO243, and in affiliated motions, Petitioner requests this honorable Court grant the following relief:

1. Deny Government Motion to Revoke Bail Pending Appeal (Continue Supervised Release Pending Disposition of this Motion)
2. Grant Permission to Correct or Amend any Incomplete or Inadequate Filings
3. Grant the Writ of Habeas Corpus
4. Find Petitioner Not Guilty as a Matter of Law (Summary Judgment with Prejudice)
5. Vacate Conviction and Sentence; Release Defendant Petitioner from Custody
6. Grant Certificate of Actual Innocence
7. Return United States Passport
8. Expunge Criminal, DNA, other Personal Data from Government Records and Databases
9. Any and All Other Relief This Court Deems Just and Proper

Date: January 28, 2020                                Respectfully Submitted,

                                                      _____
                                                      Suzanne Brown, Pro Se
                                                      114 Lake Umbagog
                                                      P.O. Box 253
                                                      Errol, NH 03579


## Certificate of Service

I hereby certify that a copy of the above motion was served on United States Attorney Scott W. Murray, via First Class Mail of the United States Postal Service.

Date: January 28, 2020

                                                      _____
                                                      Suzanne Brown, Pro Se

4

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | New Hampshire |
|---|---|---|
| Name *(under which you were convicted)*: Suzanne M Brown | | Docket or Case No.: 1:16-cr-021-JL |
| Place of Confinement: US Probation (Supervised Release NH, ME, VT) | Prisoner No.: N/A | |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* Suzanne M Brown | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   District of New Hampshire
   55 Pleasant St, Concord NH 03301

   (b) Criminal docket or case number (if you know): 1:16-cr-021-JL

2. (a) Date of the judgment of conviction (if you know): 1/26/2017

   (b) Date of sentencing: 6/15/2018

3. Length of sentence: 12 months

4. Nature of crime (all counts):

   18 USC 1001 (a) 2 Making a Material False Statement to a Federal Agency [12 counts]

5. (a) What was your plea? (Check one)
   (1) Not guilty [✓]    (2) Guilty [ ]    (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [✓]    Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [✓]    No [ ]

8. Did you appeal from the judgment of conviction? Yes ✓ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Appellate Court, First Circuit
   (b) Docket or case number (if you know): 18-1620
   (c) Result: Conviction Affirmed; Ineffective Assistance of Counsel claim dismissed without prejudice
   (d) Date of result (if you know): 12/20/2019
   (e) Citation to the case (if you know): Document 00117530351 (Unpublished Opinion)
   (f) Grounds raised:

   Ineffective Assistance of Counsel (multiple counts)
   Insufficient Evidence (Failure to State an Offense)
   Duplicitous Indictment (Double Jeopardy)
   Right to Be Present at All Stages of Proceedings
   Nullification Instructions Deprived Right To Jury Deciding All Facts of Case

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ✓
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:
   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✓ No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: New Hampshire District Court
        (2) Docket or case number (if you know): 1:16-cr-021-JL
        (3) Date of filing (if you know): 4/11/2017

(4) Nature of the proceeding: Motion for Trial Counsel to Withdraw (filed by trial counsel)

(5) Grounds raised:

Ineffective Assistance of Counsel
Conflict of Interest

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [✓]  No [ ]

(7) Result: Motion granted, new counsel appointed (CJA) William Christie

(8) Date of result (if you know): 4/21/2017

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: New Hampshire District Court

(2) Docket of case number (if you know): 1:16-cr-021-JL

(3) Date of filing (if you know): 10/3/2017

(4) Nature of the proceeding: Motions for Withdrawal of Counsel, Appointment of New Counsel

(5) Grounds raised:

Conflict of Interest (filed by counsel William Christie)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [ ]  No [✓]

(7) Result: Granted, new counsel appointed, Kristin Weberg (CJA)

(8) Date of result (if you know): 10/3/2017

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:  Yes [ ]  No [✓]
(2) Second petition: Yes [ ]  No [✓]

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Motions granted.
NOTE: Docket contains detailed list and summaries of post-trial motions and hearings for new trial due to ineffective assistance of trial counsel.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Assistance of Counsel (trial counsel, multiple counts) [Sixth Amendment]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Individual counts of Ineffective Assistance of Counsel detailed in Exhibit A; legal arguments contained in attached Memorandum of Law

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [✓]   No [ ]
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [✓]   No [ ]
  (2) If you answer to Question (c)(1) is "Yes," state:
      Type of motion or petition: Ineffective Assistance Counsel; Motion for New Trial
      Name and location of the court where the motion or petition was filed:
      United States District Court District of New Hampshire 55 Pleasant St, Concord NH 03301
      Docket or case number (if you know): 1:16-cr-021-JL
      Date of the court's decision: 5/2/2018
      Result (attach a copy of the court's opinion or order, if available):
      Oral order, text: "Denied without prejudice for the reasons stated on the record."

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes [✓]   No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Judge Laplante explained his reasoning for the denial without prejudice. Conflict of interest with counsel at that time was already established and a new trial with complex issues would have been compromised from the start. Per the judge at prior hearing (3/9/2018), no other CJA attorneys were available. Defendant Petitioner had Court's invitation to file supplemental pro se pleadings and Court was amenable to bail pending direct appeal. No appeal of decision for the above reasons and respect for the Court's reasoning.

**GROUND TWO:** A. Attorney Conflict of Interest (post-trial counsel) [Sixth Amendment] B. Constructive Ineffective Assistance of Counsel (appellate)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Attorney Kristin Weberg: After several months of represenatation, lack of diligence and timely communication between attorney and Petitioner Defendant (ABA Rules 1.3, 1.4) resulting in Petitioner Defendant request for attorney withdrawal and appointment of new counsel. Lack of understanding of issues and no work on sentencing documents.

B. Attorney Julia Pamela Heit: Appellate counsel assigned through CJA located more than 400 miles from my home, 9 hours away. Attorney not able to travel to New Hampshire upon my request due to lack of public transportation. No accomodations for secure attorney-client communications. Inability to fully develop arguments with counsel. Attorney self-admittedly technology-challenged. First meeting with attorney occurred only AFTER oral argument.

Detailed information contained in Exhibit B

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

I was advised by appellate counsel that ineffective assistance of counsel and conflict of interest claims needed to be prioritized and focused on trial counsel only (no post-trial IAC counts) unless/until Habeas filing.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes [✓]   No [ ]

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion for new counsel

Name and location of the court where the motion or petition was filed:
United States District Court District of New Hampshire 55 Pleasant St, Concord NH 03301

Docket or case number (if you know): 1:16-cr-021-JL

Date of the court's decision: 3/9/2018

Result (attach a copy of the court's opinion or order, if available):

Permission to file pro se pleadings to supplement request for new trial in lieu of permission for post-trial attorney to withdraw and replacement attorney appointment.

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes [✓]   No [ ]

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes [ ]   No [✓]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes [ ]   No [ ]

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): 1:16-cr-021-JL

Date of the court's decision: 3/9/2018

Result (attach a copy of the court's opinion or order, if available):

Minute Entry, Defendant's supplemental brief due by March 30, 2018; Government's response due by March 30, 2018. Sentencing to be continued.

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Court granted adequate relief in the form of allowing pro se supplemental pleadings to support motion for new trial (prejudice prong of Strickland test/analysis).

**GROUND THREE:** Prosecutorial and Agency (USDA) Conduct [Fifth Amendment]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Misstatements of fact and law (IG investigation, grand jury proceedings, pre-trial, trial, post-trial, appellate)
Constructive Amendment of Indictment
Subornation and Perpetuation of Witness Perjury
Witness Vouching During Trial and in Appellee Brief
Federal Rules of Evidence 403 Violations
Inflammatory Remarks During Closing Argument
Retaliatory and Injurious Government Agency (USDA) Conduct
Selective Prosecution
Vindictive and Retaliatory Prosecution
Abuse of Process
Defendant Intimidation to Coerce Guilty Plea (Witness Tampering)

Individual counts and detailed information contained in Exhibit C

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel instructed me that I would lose the direct appeal if I raised these issues because many not on record; advised reversal could be achieved by focusing brief/oral argument on points raised in briefs.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion for Withdrawal of Counsel

Name and location of the court where the motion or petition was filed:
United States District Court District of New Hampshire 55 Pleasant St, Concord NH 03301

Docket or case number (if you know): 1:16-cr-021-JL

Date of the court's decision: 3/9/2018

Result (attach a copy of the court's opinion or order, if available):

Court granted permission for me to supplement motion for new trial with pro se supplemental pleadings, which contained certain (not exhaustive) prosecutorial and ageny errors and conduct.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☑   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
United States District Court District of New Hampshire 55 Pleasant St, Concord NH 03301

Docket or case number (if you know): 1:16-cr-021-JL

Date of the court's decision: 3/9/2018

Result (attach a copy of the court's opinion or order, if available):

Minute Entry, Defendant's supplemental brief due by March 30, 2018; Government's response due by March 30, 2018. Sentencing to be continued.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Motion was not denied. During the hearing, Judge Laplante listened to my initial claims of prosecutorial errors, and I respected his decision to set them aside at that time in favor of accepting my supplemental pleadings for to support my motion for a fair retrial. Government did not respond to my pleadings.

**GROUND FOUR:** Cruel and Unusual Punishment [Eighth Amendment]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Contractor/Relator Harassment and Defendant Intimidation
Agency (USDA) Economic Retaliation (Farm Loan Non-Monetary Default Claims)
Economic Duress and Family Suffering Due to Government Conduct and Duration of Proceedings
Duration of Custody Disproportionate to the Case
Time and Money Spent on Legal Work
Conviction and Custody Preclusion of Work
Loss of Other Civil Rights
Reputational Damage

Detailed information contained in Exhibit D

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Issues were not substantially raised by trial counsel on the record (see IAC claims Appendix A) and thus were not eligible for appellate review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Repeatedly brought issues to attention of trial counsel before trial and was told they were not applicable to my defense. Counsel did not appreciate that contractor/relator and government actions were intended to coerce guilty plea and maximize humiliation and punishment during the full duration of this matter (7+ years). This treatment has obstructed justice and caused my family excessive suffering.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

1. JERS system malfunction during deliberations. Jurors were likely distracted from the facts of the case due to impaired access and attempts by bailiff and/or technicians to restore service. Also, lack of ability to look up evidence electronically in this technical case made deliberations more difficult, precluded references to evidence.

2. Prejudice due to passage of time, fading of memories, loss of evidence. Lead counsel and USDA administrator are retired from federal service. At the time of trial in January 2017, grant administrator testified no recollection of meeting with me to sign the grant agreement. Items of exculpatory documentation are unavailable. No case file chain of custody through five attorneys. Existing evidence supports a not guilty verdict as a matter of law.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ✓  No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    Filed concurrently in NH District Court, 55 Pleasant St., Concord, NH 03301:
    1. Opposition to Motion to Revoke Bail Pending Appeal (16-cr-021-JL): Request to remain on supervised release
    2. Pro Se Motion to File Electronically (Docket # TBD)
    3. Application to Proceed in District Court Without Paying Fees or Costs (Docket # TBD)
    4. Motion to Expand and/or Reprise the Record With Regulations in Support of Habeas Corpus Petition (Docket # TBD)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    No counsel or hearing

    (b) At the arraignment and plea:
    Bjorn Lange; Federal Defender's Office 22 Bridge St Concord NH 03301

    (c) At the trial:
    Bjorn Lange and Dorothy Graham (address above)

    (d) At sentencing:
    Kristin Weberg and Robert Mc Daniel; 77 Pond St Sharon MA 02067 and 4 Stevens Ave, Meridith NH resp.

    (e) On appeal:
    Julia Pamela Heit; 140 East 28 St. (8B) NY, NY 10016

    (f) In any post-conviction proceeding:
    Bjorn Lange, Dorothy Graham, Kristin Weberg, Robert Mc Daniel, Julia Pamela Heit

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ✓  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ✓

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is timely. Judgment of conviction final as of 1/10/19 (appellate mandate)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Continue Supervised Release Pending Disposition of this Motion; Dismiss Indictment as a Matter of Law for Failure to State an Offense (Insufficient Evidence); Vacate Conviction/Sentence; Certificate of Actual Innocence; Expunge Record

or any other relief to which movant may be entitled.

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was ~~placed in the prison mailing system~~ on  1/28/20 .
 filed in person                         (month, date, year)

Executed (signed) on  1/28/20   (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.