UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

SUZANNE BROWN                                        No. 20-cv-170-JL

AMENDED MOTION TO VACATE OR SET ASIDE JUDGMENT PURSUANT
TO 28 U.S.C. § 2255 BY A PERSON IN CUSTODY

**I.     Jurisdiction and Procedural Background**

On January 26, 2017, Suzanne Brown was convicted, after a trial by jury, of twelve counts of 18 U.S.C. §1101(a)(2). *See* 16-cr-21-01-JL, Doc. 48: 4-6.[1] Trial counsel filed a motion to withdraw on April 11, 2017 as Brown had informed them of her intent to pursue a claim of ineffective assistance of counsel. Doc. 49: 3. On December 22, 2017, with the assistance of successor counsel, Brown filed a motion for a new trial alleging ineffective assistance of counsel. Doc. 63.

At a hearing on that motion on March 2, 2018, the government argued that Brown's ineffective assistance of counsel claims were more appropriate for a 28 U.S.C.§ 2255 petition where the factual basis of the allegations could be appropriately developed. Doc. 104: 16. This Court agreed with the government's position and denied Brown's ineffective assistance of counsel claims without prejudice for her to file those claims in a 28 U.S.C. § 2255 petition after her direct appeal. *Id.*, at 20-22; quoting *United States v. Ortiz-Vega*, 860 F.3d 20, 28 (1st Cir. 2017).

---

[1] Hereinafter, any reference to "Doc. _" will refer to documents found in the petitioner's criminal case, at 16-cr-21-01-JL.

1

On June 19, 2018, Brown was sentenced to 12 months in prison. Doc. 95: 2. On June 19, 2018, Brown filed a timely appeal of her conviction to the U.S. First Circuit Court of Appeals. Doc. 94. This Court granted Brown's motion for bail pending appeal on June 15, 2018. Doc. 92.

Brown raised several issues on appeal, including her claim of ineffective assistance of counsel. *See United States v. Brown*, 945 F.3d 597 (1st Cir. 2019). On December 20, 2019, the circuit court affirmed Brown's convictions and dismissed, without prejudice, her claim of ineffective assistance of counsel. Doc. 108. Therefore, there has not been any judgment on the merits of Brown's ineffective assistance of counsel claims. *Id.*

On January 28, 2020, Brown filed a timely *pro se* motion that was docketed as a 28 U.S.C. § 2255 petition. 1:20-cv-00170-JL, Doc. 1. This Court denied the government's post-appeal motion to revoke bail and Brown is currently on pre-trial release pending the resolution of her petition pursuant to 28 U.S.C. § 2255. *See* Doc. 111 and record of February 13, 2020 hearing. A person who is on pre-trial release is "in custody" for purposes of a habeas corpus petition and therefore this Court has subject matter jurisdiction. *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973).

**II.     Grounds for Relief**

**Ground One**: The judgment in this case is contrary to the constitution as trial counsel was ineffective contrary to the Sixth and Fourteenth Amendments to the United States Constitution. Suzanne Brown has a right to competent counsel at trial. Counsel's representation both before and during trial fell below an objective level of reasonableness and there is a reasonable probability that, but for trial counsels' errors, the result of the proceeding would be different.

**A.  Failure to adequately research and prepare a defense**

Prior to her jury trial, Suzanne Brown provided materials to her attorneys. Doc. 74: 22. Brown explained to her lawyers that these materials, which were federal regulations, would prove that she was not guilty of making false statements to the USDA. Doc. 74: 71. Brown explained to her lawyers that she was fearful that if the jury did not actually see the regulations in question, they would not believe that she used the accrual method of accounting, as mandated by the regulations. *Id*. Had trial counsel introduced these regulations at trial, it would have established that Brown used the accrual method of accounting, a form of accounting whereby an entity reports expenditures incurred, as opposed to reporting actual expenditures, as alleged by the government. Doc. 74: 74-75. If the regulations Brown provided to her attorneys had been admitted as full exhibits at trial, it would have corroborated her defense that she did not make false statements and that she did not have the intent to make false statements. *Id*.

Trial counsel made several attempts to introduce these documents through Anne Getchell, the grant administrator, and these attempts failed because counsel either did not lay the proper foundations or counsel was not prepared with legal arguments as to the admissibility and relevance of these documents. Specifically, the defense sought to introduce Exhibits H (id) and K (id) through Anne Getchell. Doc. 43: 89-90.

Exhibit H (id) was a federal regulation governing Rural Business Enterprise Grants (RBEG), and it was referred to in several other exhibits as 1942-G or RB-1942-G.[2] *See* Attachment 1. While Getchell conceded that regulation 1942-G was mentioned repeatedly in the grant paperwork she did express unfamiliarity with the specifics of the document:

Q. You certainly were familiar with the RB instruction 1942-G, correct?
A. Correct. I'd have to look at that, but if that's what it is, yes. Correct.

---

[2] Regulations 1942-G is refenced in Trial Exhibit 4, pg. 2 & 4 and in Trial Exhibit 5, pg. 4 as controlling the terms of the grant agreement. *See* Attachment 2 and Attachment 3.

Q. Well, you included that and reviewed that portion, Section B, with Suzanne as part of this process –

A. Okay.

Q. -- correct?

A. Correct.

Doc. 43:89.

If trial counsel had succeeded in making Exhibit H (id) a full exhibit, it would have established that "financial reporting [for a RBEG] grant will be on an accrual basis." Attachment 1, at 42. Trial counsel committed error when they failed to introduce this exhibit as they failed to argue that this exhibit was not hearsay, as it was not an assertion by a person.[3] Counsel did not argue that it was admissible as a publication by a public authority.[4] Counsel also did not ask the court to take judicial notice of the exhibit as it was a federal regulation.[5] Trial counsel also did not seek to introduce this exhibit during Brown's testimony. *See* Doc. 41: 3-91; Doc. 45: 3-62. Counsel's failure to makes these arguments prejudiced Brown as she was not able to present favorable evidence to the jury.

Trial counsel was equally unsuccessful in their attempts to introduce Exhibit K (id), another document Brown asked them to introduce as it stated:

> **Accrued expenditures** means the charges incurred by the recipient during a given period requiring the provision of funds for: (1) goods and other tangible property received; (2) services provided by employees, contractors, subrecipients, and other payees; and (3) other amounts becoming owed under programs for which no current services or performance is required.
>
> **Accrued income** means the sum of: (1) earnings during a given period from (i) services performed by the recipient, and (ii) goods and other tangible property delivered to purchasers, and (2) amounts becoming owed to the recipient for which no current services or performance is required by the recipient.

---

[3] Fed. R. Evid. 801(a) and 801(c)(2).
[4] Fed. R. Evid. 902(5).
[5] Fed. R. Evid. 201(b).

Attachment 4, Tr. Exh. K (id).

Trial counsel did not seek to introduce Exhibit K (id) through Brown, who would have testified that this document guided her understanding of the correct method of completing SF-270 forms. At a post-conviction hearing, Brown testified that "the exhibits A-110,[6] A-102, 1942-G,[7] 1951-O, none of those were brought into the purview of the jury…it's a very technical case, I understand that, but I think we could have helped them understand [] what I did…" Doc. 74: 74-75. Trial counsel erred when they did not seek to make Exhibit K (id) a full exhibit by arguing that this exhibit was not hearsay, as it was not an assertions by a person, they did not argue that it was admissible as a publication by a public authority, nor did they ask the court to take judicial notice of the exhibit as it was a federal regulation. Doc. 43: 90-93. Trial counsel also erred when they did not seek to introduce this exhibit during Brown's testimony. *See* Doc. 41: 3-91; Doc. 45: 3-62.

When trial counsel was asked about this exhibit at a post-conviction hearing, he stated that "[his] best recollection [was that I] tried to get it in through Anne Getchell…but it never got into evidence." Doc. 74: 18. Trial counsel offered, "[if] the question is why didn't I try to put it in through Suzanne Brown…I don't have an answer." *Id*. The post-trial testimony by trial counsel suggests he did not fully understand Brown's proposed defense, as he stated, "I think that Suzanne thought that she was using a cash method but that she had to check accrual. That's probably not right, but that's the best I can give you." Doc. 74:13. Trial counsel's answer supports a finding that their omissions as to the introduction of Exhibits H (id) and K (id) were not tactical.

---

[6] A-110 refers to Exhibit K (id) which is titled OMB Circular A-110.
[7] 1942-G refers to Exhibit H (id).

Trial counsel also erred when they failed to notice that in government Exhibit 3, there was evidence corroborating Brown's assertion that she used the accrual method of accounting, per the rules and regulations applicable to the RBEG grant. *See* Attachment 5. Government Exhibit 3 was titled "Grant Agreement." On page 7 of this document, which was a full[8] exhibit, it states that "financial reporting will be done on an accrual basis." *Id*. at 7. Trial counsel erred when they failed to question Getchell about this part of Exhibit 3. Doc. 39: 31-85; Doc. 43: 3-135; Doc. 46: 3-38. Trial counsel also erred in not displaying this section of Exhibit 3 to the jury and/or not asking Brown about accrual accounting as it relates to Exhibit 3. *See* Doc. 41: 3-91; Doc. 45: 3-62.

On cross-examination, Getchell could not remember if she had a conversation with Brown about the difference between reimbursement and cash. Doc. 43:108. This testimony was different from Getchell's earlier testimony on direct where she said that it was Brown who checked off the box that said "cash." Doc. 39: 79. Trial counsel erred when they did not confront Getchell with her previous testimony that Brown had checked off the box indicating "cash."

Trial counsel erred when they did not ask Brown to further explain accrual v. cash accounting methods or what type of accounting method she used to account for the grant money. Doc. 47: 21-118; Doc. 41: 3-91.

Trial counsel erred when he did not discuss accrual accounting in his closing argument. Doc. 45: 98-109. Trial counsel also erred when they did not otherwise attempt to explain that reporting incurred obligations, even though they had not been paid, was not only a legitimate accounting method, but it was in fact the accounting method proscribed by RBEG regulations.

---

[8] *See* Doc. 39: 60.

Attachment 1. While trial counsel did refer to Exhibit P in passing during his closing, he erred when he did not explain that the boxes in this form were "prefilled" by Getchell with the boxes "reimbursement" and "cash" already checked off. Doc. 45:98.

At a post-conviction hearing, Brown explained that, "I understood that grant to be an accrual grant even though the institute was doing accounting on a cash basis." Doc. 74: 71. The record supports a finding that trial counsel erred because they did not understand accrual accounting and how it supported a finding that Brown was not guilty of making a false statement. Doc. 74: 13.

### B. **Failure to consult with an accounting expert**

There is no evidence that trial counsel consulted with a financial expert or accountant to either explain federal grants and/or the accounting methods relevant to this case. This was a complicated case that required knowledge of the administration and accounting of federal grants and especially the accounting procedures associated with those grants. Suzanne Brown has previously testified that, prior to trial, she repeatedly tried to explain the relevance of the regulations and accrual accounting to her lawyers and they did not appear to understand these concepts. As the record demonstrates that trial counsel did not understand the accounting methods and grant regulations, they erred in not consulting with an expert and that failure was prejudicial to the defense.

### C. **Failure to ask for appropriate answer to jury question**

The jury began deliberations on January 26, 2017. Later that day, the jury submitted a question in writing. The question asked, "define 'in-kind services.'" Doc. 48:2. The following record was made:

> The Court convened counsel in chambers and we talked about the question. The Court proposed a couple of different solutions, all of which were rejected. We discussed the possibility of an applicable definition from the regulatory scheme under which, or the grant providing scheme under which the defendant was operating. Counsel were not aware of any

and weren't prepared to agree on one. Then the Court suggested just the possibility of a definition everyone could agree on, you know, from Black's Law Dictionary or something or the United States Code in some area, and again, there was no agreement to that approach. So, the Court fashioned the following answer and read it to counsel, and all counsel agreed to it, and I'll read it for the record now before handing it to the deputy clerk. So, again, the question, define in-kind services. The answer, quote, the legal definitions required to deliberate and render a verdict in this case are contained in the jury instructions the Court provided verbally and in writing. To define any other concept, you should rely on your best recollection of the evidence presented at trial, unquote.

Doc. 48: 2-3.

Trial counsel erred when they did not request that the jury be instructed consistent with the OMB Circular A-110, which was also trial Exhibit K (id):

**Third Party In-Kind Contributions** means the value of non-cash contributions provided by non-Federal third parties. Third party in-kind contributions may be in the form of real property, equipment, supplies and other expendable property, and the value of goods and services directly benefiting and specifically identifiable to the project or program. Attachment 2, at page 7.

Ms. Brown was not present for the chambers conference on this issue and later raised a concern about counsel's performance. Trial counsel erred in not consulting with Brown about the question or protecting her right to be present at all stages of the proceedings. The jurors' question is further proof that trial counsels' cumulative errors were prejudicial.

### D. Failure to object to Improper Closing Argument

Although Brown was only charged with making false statements on the SF-270 forms, the government spent a substantial amount of its direct exam of Getchell attempting to prove that Brown had also made false statements to a government agency when she submitted the original applications for the grant money in question. Doc. 39: 37-78.

During closing, the government argued that Brown's application was "filled with lies" and that she "told lies form the beginning." Doc. 45: 79-81. As the government established that the application was submitted for a federal grant and that the federal agency relied on that application, this argument amounted to an assertion that Brown committed numerous other

8

uncharged offenses, contrary to 18 U.S.C. §1001, when she submitted the application. The government further argued that it was not "surprising that having told lies to get the grant, [Brown's] next thing [was] to submit false statements each and every month" to get "easy money" from the "taxpayers." Doc. 45: 74-82.

Trial counsel erred when they not object to these improper closing arguments and/or when they failed to ask for a curative instruction regarding these arguments.

### E. Failure to make a motion to dismiss/ motion for judgment of acquittal on the grounds that the alleged false statements were in response to a fundamentally ambiguous question and/or the statements were literally true

Trial counsel was ineffective in failing to make a motion to dismiss and/or a motion for judgment of acquittal on the grounds that the statements that are the subject of the indictment are literally true and/or that the forms and federal regulations that prompted her alleged false statements are fundamentally ambiguous. Federal courts have generally recognized that special scrutiny must be applied to allegations of false sworn statements, like those against Brown, that depend upon the resolution of disputes over the meaning of specific testimony. In particular, the courts have recognized two distinct but closely related doctrines that foreclose prosecution, as a matter of law and based on *de novo* review by the court, of statements that either (i) are made in response to questions that are too vague and ambiguous to allow a jury to conduct a reasoned inquiry about the defendant's intended meaning; or (ii) are literally true under the court's independent interpretation of the testimony.

If trial counsel successfully introduced the evidence and regulations relating to accrual accounting at trial and/or presented expert testimony about accrual accounting, they would have had a sufficient basis to make a motion to dismiss and/or motion for judgment of acquittal.

### F. Cumulative Error of Trial Counsel

The cumulative effects of trial counsels' errors severely prejudiced Brown. These errors combined to deny her right to effective assistance of counsel as guaranteed by the constitution.

### III. Prayer for Relief

Accordingly, petitioner respectfully requests that this Court:

1. Issue a writ of habeas corpus so that Suzanne Brown may be brought before this Court and released from her unconstitutional confinement/custody;

2. Conduct an evidentiary hearing at which proof may be offered concerning the allegations in this amended petition and any defenses that may be raised by respondents;

3. Issue an order permitting the parties to conduct discovery, including, but not limited to, consulting with an expert witness; and

4. Grant such other and further relief as, in the interests of justice, may be appropriate.

                                      Respectfully submitted,

                                      Suzanne Brown

                                      By her attorneys,

                                      Wadleigh, Starr & Peters, P.L.L.C.

Dated: April 3, 2020                         By: */s/* Donna J. Brown
                                                                       Donna J. Brown,
                                                                       95 Market Street
                                                                       Manchester, NH 03101
                                                                       (603) 669-4140

CERTIFICATION

I, Donna J. Brown, hereby certify that on this 3rd day of April 2020 a copy of the within motion was e-filed to Seth Aframe of the US Attorney's Office.

/s/ Donna J. Brown
Donna J. Brown

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America and the State of New Hampshire that the facts alleged in this petition are true and correct to the best of counsel's knowledge, information and belief.

/s/ Donna J. Brown