UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SUZANNE BROWN

v.   Case No. 20-CV-00170

USA

## MOTION TO AMEND OR ALTER JUDGMENT

Suzanne Brown, by and through counsel, Wadleigh, Starr and Petters, PLLC, hereby requests this Court amend or alter its judgment pursuant to Fed. R. Civ. Pro 59(e) as the Court made a factual error[1] in denying Ms. Brown's §2255 petition and the petitioner files this motion requesting this Court rectify this mistake.

On February 17, 2021, this Court entered judgment "in accordance with the Orders of Judge Joseph N. LaPlante dated February 12, 2021 and February 16, 2021" denying the petitioner's federal habeas petition and declined to issue a certificate of appealability. Doc. 14. The February 12, 2021 Order referenced in this judgment was this Court's decision, delivered from the bench, denying Ms. Brown's petition for habeas corpus. In announcing its decision, this Court found that that the petitioner had not proven her claim that trial counsel had not consulted with an expert and, therefore, she had not established the that her trial counsel erred under the first prong of *Strickland v. Washington*, 466 U.S. 668, 688 (1984). *See* Doc. 10:7 and Doc. 10-1: 11-15.

---

[1] Counsel for the defendant intends to file a motion for a transcript of the hearings on this case. While this motion to amend or alter this Court's Order focuses on the issue of whether trial counsel consulted with an expert, this motion should not be construed in such a way as to find that the petitioner does not object to other factual findings in the Court's decision.

1

In her § 2255 petition, Ms. Brown claimed that her trial counsel erred in failing to consult with an appropriate expert. *Id*. In announcing its decision from the bench, this Court found that Ms. Brown had not proven that her trial counsel had in fact failed to consult with an expert because she did not call trial counsel as a witness during the 2-day post-conviction hearing. The petitioner asserts that this finding is a manifest error of fact and this finding is contrary to the facts presented in the pleadings, exhibits and testimony in support of her § 2255 petition. Additionally, there is newly discovered evidence supporting the petitioner's hearing testimony on this issue.[2]

The purpose of this Rule 59 is to allow a court to "rectify its own mistakes in the period immediately following" its decision. *Banister v. Davis, 140 S.Ct. 1698, 1700 (2020); citing New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982); Fed. R. Civ. Pro. 59(e). This Court made a mistake when it found that Ms. Brown had not proven that her trial counsel failed to consult with an expert. One of the exhibits presented at the post-conviction hearing was Ex. EE, which is Doc. 81 from the petitioner's underlying criminal case. This exhibit was a *pro se* pleading by Ms. Brown submitted as a "supplemental statement" to the pleading filed by her then counsel on her pre-direct appeal[3] claim of ineffective assistance of counsel.[4] *Id*. In this document, Ms. Brown stated:

---

[2] The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), cert. denied, 547 U.S. 1070 (2006).

[3] As Ms. Brown argued at the post-direct appeals hearings, this pre-direct appeal statement on the need for an expert was credible as it was made before consultation with an expert. After the petitioner obtained an expert, the expert corroborated her assertions about accounting methods and the correct interpretation of grant directives. *See* Post-Direct Appeal Hearing Ex. Y.

[4] The First Circuit Court of Appeals denied the petitioner's ineffectiveness claim on direct appeal and noted that this ruling was without prejudice as to her raising this claim in a post-direct appeal § 2255 petition. *United States v. Brown*, 945 F.3d 597, 605 (1st Cir. 2019).

"I asked for two expert witnesses to bolster my defense.  First, a well-qualified retired or former USDA employee or other **federal grant expert** to help my attorneys understand the regulations and **accounting practices**, and then to testify to help the jury understand the case and my statements.  (Emphasis added.)  *Id*. 12-13.

The fact that Ms. Brown asked her counsel to consult with an accounting/grant expert was also established by Ms. Brown's unrebutted testimony at the September 25, 2020 evidentiary hearing in support of her habeas petition.[5]  Ms. Brown's testimony was also corroborated by the February 1, 2018 testimony of trial counsel, Bjorn Lange, who said that he was "not very good at" understanding the difference between cash and accrual accounting.  Ex. DD at 13.[6]

After this Court announced it decision on February 12, 2021, undersigned counsel contacted Attorney Lange about this issue.[7]  Attorney Lange offered to check the Federal Defender's Office in Concord regarding this issue.  On Wednesday, February 17, 2021, Attorney Lange sent the following email to undersigned counsel:

I spoke to Jeff [Levin] this evening. He told me that the office's digital files show no record of us retaining  an expert prior to Suzanne's trial, which is the way I remember it.  All of the paper files went to her or her appellate lawyer. Without accessing them I can't think of anything else I could review to refresh my memory on this, other than the transcripts.

Attachment 1.

This Court made a mistake when it found that Ms. Brown had not proven that her lawyers failed to retain and consult with an expert in accounting and/or federal grant directives.  This fact is material because it is important to: 1) understand whether her counsel understood the complex

---

[5] As stated previously, Ms. Brown is seeking the transcript of this hearing as of the writing of this motion.

[6] This exhibit is Doc. 74: 13 from the underlying criminal case.

[7] At the February 12, 2021 hearing, undersigned counsel explained that she had not called Attorney Lange as a witness during the post-direct appeal hearing as he told her that he did not have anything to add to his February 1, 2018 testimony, which was submitted without objection as Exhibit DD during the post-direction appeal hearing.

issues in this case; 2) corroborate the petitioner's trial testimony; and/or 3) rebut the testimony of key government trial witnesses.[8] The petitioner therefore requests this Court amend or alter its decision accordingly.

                                     Respectfully submitted,
                                     Suzanne Brown
                                     By her attorneys,

                                     Wadleigh, Starr & Peters, P.L.L.C.

Dated: February 23, 2021                    By:  /s/  Donna J. Brown

                                     Donna J. Brown,
                                     95 Market Street
                                     Manchester, NH 03101
                                     (603) 669-4140

## CERTIFICATION

I, Donna J. Brown, hereby certify that on this 23rd day of February 2021 a copy of the within motion was e-filed to Seth Aframe of the US Attorney's Office.

                                       /s/ Donna J. Brown
                                       Donna J. Brown

---

[8] In her expert report, the petitioner's post-trial expert stated that she could have testified at trial that government witnesses "lacked a basic understanding, much less expertise, of the concepts in this case." Ex. Y from post-direct appeal evidentiary hearing on habeas petition.