UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Suzanne Brown | ) |
| | ) |
| v. | )     1:20-cv-170-JL |
| | ) |
| United States of America | ) |

UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO RECONSIDER

After protracted litigation, this Court denied the defendant's claim that her trial was unfair because her counsel was ineffective. Among the was that trial counsel failed to consult with an accounting expert. This Court denied the claim on multiple grounds, including lack of prejudice since the Court heard from an expert retained by the defense during the § 2255 motion proceeding and concluded that the information provided by this expert would not have made a difference. The Court also observed that the defendant had not developed a record that her counsel failed to consult an expert.

Perhaps unsurprisingly, the defendant has a filed a motion for reconsideration, arguing that the Court made a mistake in concluding that the failure-to-consult-claim was not properly developed and that, in any event, there is new evidence on the issue. This Court should reject this latest motion.

The defendant's amended § 2255 motion raises a failure-to-consult-an-expert claim, but the supporting memorandum of law does not make any developed argumentation about the failure to consult an expert issue. Moreover, the defendant never presented any evidence other than the defendant's own bald assertion that she asked counsel to obtain an expert. But, as the Court observed, the defendant's credibility on such matters is doubtful as she has changed her tune multiple times post-trial in an effort to make the facts fit her theories. The defendant's

failure to present any credible evidence on the failure-to-consult-the-expert claim was the Court' point when it made its ruling and the Court was correct in this regard.

The reference to an email from trial counsel obtained after the Court ruled does not change the calculus. Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The defendant could have called Attorney Lange or Attorney Graham to build a record on the failure-to-consult issue but did not do so. It is too late to do it now.

In all event, the Court rejected the defendant's claim about an expert on multiple grounds, most of which are not even challenged here. Thus, regardless of the preservation/record issue raised in this latest motion, the outcome of this proceeding is the same. The § 2255 motion was properly denied.

Dated: March 9, 2020

                                      Respectfully submitted,
                                      JOHN J. FARLEY
                                      Acting United States Attorney

                                    By: /s/ Seth R. Aframe
                                    Seth R. Aframe, AUSA
                                    53 Pleasant Street, 4th Floor
                                    Concord, NH  03301
                                    (603) 225-1552
                                    seth.aframe@usdoj.gov