UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Suzanne Brown

    v.                                      Civil No. 1:20-cv-00170-JL

United States of America

## **ORDER**

Petitioner Suzanne Brown has filed a motion to amend or alter the court's judgment denying her petition under 28 U.S.C. § 2255.[1]  The motion to amend or alter judgment is denied.

**Background and clarification.**  Before turning to the merits, the court must correct or clarify certain mischaracterizations or misunderstandings of the court's reasoning and decision in the petitioner's motion.

**1. Basis for ruling.**  First, the petitioner asserts that the court found that she failed to prove as a factual matter that her trial counsel had not consulted with an expert, and "therefore," she had not established that her counsel erred under the deficiency element of Strickland v. Washington, 466 U.S. 668 (1984).[2]  This is only partially correct.  The court ruled that the petitioner did not meet her burden of satisfying each element of the Strickland test for several reasons, including that she had not established as a matter of

---

[1] See Motion to Amend (doc. 15).  The court traced the long procedural history of this collateral challenge to the petitioner-defendant's 2017 felony convictions in its Procedural Order of February 3, 2021 (see doc. no. 13) and will not repeat that history here.

[2] Doc. no. 15, at 1.

fact that her trial counsel failed to consult with an expert (which went to deficiency). It further ruled that her failure to consult an expert argument was insufficiently developed through only a few lines in nearly 35 pages of argument in the operative petition and memorandum of law, and without a single case cite, including to Dugas v. Coplan, despite petitioner's counsel's response to a direct question from the court to the contrary (which went to deficiency and prejudice). Finally, the court ruled that even if petitioner had (a) legally developed and (b) factually proven the expert issue, she did not establish prejudice because the court heard the expert's testimony at the hearing, and it was insufficiently persuasive.

**2. Characterization of argument.** Second, the petitioner asserts that she claimed in her petition that her trial counsel performed deficiently in failing to consult with an expert.[3] What the petition actually states is that "[t]here *is no evidence that trial counsel consulted* with a financial expert or accountant . . ."[4] Importantly for the court's analysis, there is also no direct evidence that trial counsel *did not consult with an expert*. And the petitioner did not ask trial counsel this question when they testified in a post-trial hearing in February 2018 or recall them in 2020 to revisit the issue. The petitioner did not meet her burden of making this factual showing.

---

[3] Id. at 2.

[4] Doc. no. 10, at 7 (emphasis added); see also Memo. of Law (Doc. no. 10-1), at 8 ("There *is no evidence that trial counsel consulted with a financial expert* to either explain federal grants and/or the accounting methods relevant to this case.") (emphasis added).

2

**3. Basis for ruling.**  Third, the petitioner inaccurately asserts that the court concluded that she failed to prove that trial counsel did not consult with an expert because she did not call trial counsel as witnesses during the 2020 hearings on her habeas petition.[5]  While that was part of the court's reasoning as explained above, the petitioner did in fact call trial counsel at the February 2018 hearing and did not ask them whether or not they consulted with an expert.

**4. So-called newly discovered evidence.**  Fourth, the petitioner claims that her motion to amend should be granted based on "newly discovered" evidence of her current counsel's alleged conversation with one[6] of her trial counsel and an email from that trial counsel.[7]  This evidence was neither newly discovered nor timely submitted.  It could have been developed and presented earlier, as trial counsel testified at the February 2018 hearing and could have testified in the two 2020 hearings.  Moreover, the court made clear in its Procedural Order, doc. 13, at p. 4, that "[b]riefing in this case is closed.  The court will accept no further written filings, and no further evidence."  The petitioner was afforded several bites at this apple.  See generally Procedural Order, doc. 13.

**5. Testimony not unrebutted, but actually uncorroborated.**  Fifth and finally, the petitioner argues that the fact that her trial counsel did not consult with an expert was

---

[5] Doc. no. 15, at 2.

[6] Petitioner's counsel does not explain why she only talked with one of petitioner's trial counsel, and not the other, who currently works in the same Federal Defender's Office that she did at the time of petitioner's trial.

[7] Doc. no. 15, at 2-3.

supported by her "unrebutted" testimony at the second evidentiary hearing on her habeas petition.[8] This is incorrect. The petitioner's testimony was not unrebutted, and the court discredited her testimony because it was inconsistent with her prior positions and appeared to have been molded to harmonize with earlier remarks from the court, witnesses, or counsel during the 2020 hearings. Nor, contrary to the petitioner's argument, is her testimony corroborated by Attorney Lange's testimony in February 2018, that he was "not very good at" understanding the difference between cash and accrual accounting. The petitioner never asked Attorney Lange or his co-trial counsel at the February 2018 hearing whether they consulted with an expert, and petitioner never called these witnesses as part of this habeas proceeding, despite ample opportunity to do so. Thus, the petitioner did not clarify this foundational issue for the court. And as a result, if trial counsel had testified that they did not consult with an expert, the court did not have the answer of why they did not consult because petitioner did not ask this arguably more important question. Ineffective assistance analysis customarily includes evidence regarding the strategic, factual, and advocacy-related reasons underlying trial counsel's decisions. Counsel never probed or developed this issue, as the underlying factual predicate was never proved or put to trial counsel.

**Analysis.** Although courts have "considerable discretion" in deciding whether to grant or deny a motion to alter or amend a judgment under Rule 59(e), Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2005), such relief is "'an

---

[8] Doc. no. 15, at 3.

4

extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted).  The court may grant a Rule 59(e) motion based on an intervening change in the law, a manifest error of law or fact underlying the judgment, or newly-discovered evidence that could not have been produced before judgment was entered.  Deka Int'l S.A. v. Genzyme Corp. (In re Genzyme Corp. Sec. Litig.), 754 F.3d 31, 46 (1st Cir. 2014).  None of these grounds are present here.  The information from trial counsel Lange is not newly discovered evidence for the reasons discussed above, there has not been an intervening change in the law, and the court's judgment is not based on a manifest error of law or fact.  Instead, it is based on petitioner's failure to present available evidence, develop arguments, and meet her burden of proof, as well as the other reasons stated in the court's oral ruling.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: March 26, 2021

cc:   Donna J. Brown, Esq.
      Seth R. Aframe, AUSA