# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 20-CV-00170-JL** |
| | **)** | |
| **SUZANNE BROWN,** | **)** | |
| | **)** | |
| **Defendant** | **)** | |

## MOTION FOR JUDICIAL RECUSAL OR DISQUALIFICATION

## RETROACTIVE TO SEPTEMBER 1, 2020

## THREE-JUDGE DISTRICT COURT REQUESTED

## REQUEST FOR EXPEDITED TREATMENT

I, Suzanne Brown, Defendant in this case, respectfully request that this Court recuse itself or empanel three judges to compel recusal or otherwise disqualify the current judicial officer in my case in accordance with 28 U.S.C. § 144, 29 U.S.C. § 455(a), and the Code of Conduct for United States Judges (Canons 1-3).

### I. Applicable Regulations:

**28 U.S.C. § 144:** Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**29 U.S.C. § 455(a):** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**Code of Conduct for United States Judges (Canons 1-3)**

**Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary**

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

2

**Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities**

(A) *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

(B) *Outside Influence*. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.

**Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently**

The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased.

**II. Grounds for Expedited Decision Request**

I respectfully request prompt treatment of this motion for immediate relief and to maintain continuity of a judicial presence in compliance with 28 U.S.C. § 144 that immediately following this filing, "…such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

3

### III. Objective Standard of Review

"Judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." [Liteky v. United States, 510 U.S. 540 (1994)]

Recusal is required when "a reasonable and informed observer would question the judge's impartiality" [United States v. Microsoft Corp., 253 F.3d 34, 114 (DC Cir. 2001)]

Stringency standard for recusal/disqualification intensifies in a bench trial (as habeas evidentiary hearings are held) vs. a jury trial.  In Alexander v. Primerica Holdings, Inc. [10 F.3d 155 (3d Cir. 1993)] the court of appeals noted: "We cannot overlook the fact that this is a non-jury case, and that [the judge] will be deciding each and every substantive issue at trial." "When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced."

Price Brothers v. Philadelphia Gear Corp. [Price Bros. v. Philadelphia Gear Corp., 649 F.2d 416 (6th Cir. 1981)] involved an alleged ex parte communication. The Sixth Circuit held that "where a suit is to be tried without a jury, sending a law clerk to gather evidence is so destructive of the appearance of impartiality required of a presiding judge" that a remand was necessary to determine the truth of the allegation.

In this case, a reasonable, objective person, knowing all the circumstances as detailed in the accompanying affidavit, and excluding judicial rulings alone, would question this Court's impartiality.

### IV. Summary of Recusal Grounds

Please see the affidavit for specific supporting instances and details.

1. Actual, or the appearance of, ex parte communications with the Federal Public Defender's office. This action effectively made the Court a witness and intervenor of the prosecution.

2. Actual, or the appearance of, behavior that was harassing, abusive, prejudiced, or biased toward counsel to prevent her from thoroughly investigating and litigating on behalf of her clients. Intimidation beyond demeanor or general conduct. Proceedings should contain no coercive elements.

3. Actual efforts to avoid and delay findings of prosecutorial misconduct. Actual failure to hold or discipline government prosecutors to an acceptable standard of candor to the tribunal in statements of law and fact and production of evidence.

4. Actual, or the appearance of, suppression of my testimony at the September 25, 2021, hearing

5. Refusal to accept my unrebutted testimony regarding lack of pre-trial consultation with expert and claims of ineffective assistance of counsel as evidence, even in the presence of same counsel.

6. Actual, or the appearance of, rescinding my bail and setting surrender date in retaliation for my opposition to the government's motion to incarcerate me while my appeal is still pending.  The Court appears to assume or has privileged information that I have zero chance of prevailing following panel/en banc review.

**IV. Timeliness**

This is not a matter of filing a motion for recusal/disqualification based on "whether he likes subsequent treatment he receives" [United Shoe Mach. Corp., 276

F.2d77,79 (1st Cir. 1960)]. I had asked counsel for judicial recusal at specified times contained in the affidavit before this filing. There was no waiting for a ruling involved…I knew the final habeas corpus decision would be a denial as soon as counsel met with me prior to the September 25, 2021, evidentiary hearing.

I have been petitioning for a new trial and waiting and have been ruled against almost five years with the original jurist; it never before even crossed my mind to move for judicial recusal or disqualification.

To file this motion, out of fairness and loyalty, I felt I had to wait for previous counsel to be granted the leave of the Court to withdraw from the concurrent related case December 2, 2021, and I needed to wait for evidence from the Federal Public Defender's office December 8, 2021.  I immediately commenced the researching and writing of this and related documents as soon as I had that information.

Not to be overlooked, although I'm sure it is obvious, I am no attorney. I ask the Court to please excuse the delay and any inadvertent errors of form and content due to this pro se litigant having to "DIY" pleadings with as much legal research as possible to prevail with sound arguments and avoid offending the Court with procedural mistakes. I estimate it takes me about ten times as long as a competent attorney to produce an adequate work product that complies with the rules and cites proper case law.

Please see Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) ("[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading."); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.").

Finally, it is my understanding that judicial terms no longer exist, at least at the District Court level, so that element of the timeliness requirement under 28 U.S.C. § 144 no longer applies.

## V. Ineffective Assistance of Counsel

"Circumstances surrounding the representation of respondent mandated an interference that counsel was unable to discharge his duties". [United States v Chronic 466 US 648]

Despite my repeated requests, especially after September 25, 2020, counsel advised me against requesting recusal/disqualification, for apparent fear of invoking further ire of the Court, reprisal against my case and me personally, and to avoid harming another defendant she was representing in front of the same judge.

Thus, I am claiming constructive denial of counsel because of the Court's intimidation and refusal to accept defense arguments for reasons outside of the actual proceedings and in contravention of the regulations and evidence.

If this Court has questions and/or concerns regarding this motion and affidavit, before denying this motion out of hand, I respectfully request an evidentiary hearing to elicit witness testimony and produce exhibits in support of the motion and affidavit and in further support of my innocence.

## Relief Requested:

For the above reasons, substantiated by the attached Affidavit, I respectfully request the following to reverse the judicial prejudice in my case:

1. Immediately replace the present judicial officer with an impartial jurist, retroactive to September 1, 2020

2. Vacate all Court orders after September 1, 2020

3. Reorder a new habeas corpus evidentiary hearing

4. Continue my bail status without risk of revocation or loss of other freedoms.

5. Any other relief this Court deems just and proper.


Date: December 16, 2021                           Respectfully submitted,


                                                  /s/ Suzanne M. Brown

                                                  P.O. Box 253

                                                  114 Lake Umbagog

                                                  Errol, NH 03579

                                                  Tel: (603) 237-1012

                                                  greatnorthwoodsfarm@gmail.com



Certificate of Service


        I hereby certify that a copy of the above motion was electronically served on the Acting United States Attorney John Farley for the Government, via ECF.


                                  /s/ Suzanne M Brown

                                  Pro Se